77 F.3d 482
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Christa GARRETT, Plaintiff-Appellant,
v.
EXECUTIVE FUND LIFE INSURANCE COMPANY; Penncorp Financial
Inc.; Penncorp Financial Group, Inc., Defendants-Appellees.
 No. 94-6627.
 United States Court of Appeals, Sixth Circuit.
 Feb. 15, 1996.
 
 Before: ENGEL, BROWN, and MILBURN, Circuit Judges.
 PER CURIAM.
 
 
 1
 Christa Garrett appeals the district court's grant of summary judgment to Executive Fund Life Insurance Co., Penncorp Financial, Inc., and Penncorp Financial Group, Inc. (referred to collectively as "Executive Fund") in Garrett's suit alleging discrimination based on her gender and her pregnant condition under Title VII of the Civil Rights Act of 1964, as amended. 42 U.S.C. § 2000e et seq., and the Kentucky Civil Rights Act, Ky.Rev.Stat. § 344.010 et seq. Title VII prohibits discrimination by employers "against any individual with respect to his compensation, terms, conditions, or privileges of employment, because of such individual's ... sex...." 42 U.S.C. § 2000e-2(a)(1). Discrimination "because of ... sex" includes discrimination on the basis of pregnancy. Id. § 2000e(k). The Kentucky Civil Rights Act contains the same language, almost word for word. Ky.Rev.Stat. §§ 344.040(1), 344.030(8).
 
 
 2
 Garrett worked for Executive Fund as a certified licensing instructor. When she told Beverly Sanford, her supervisor, that she was pregnant, Sanford started to be rude to Garrett in various ways, precipitating tension and unfortunate incidents concerning the pregnancy. On the day before Garrett's baby was born (she was pregnant with twins but lost one of the babies), Sanford was critical of Garrett's felt need to leave work early to go to the hospital, but she did not actually prohibit Garrett from leaving, and no disciplinary action was taken or even seems to have been contemplated. That night, Garrett decided that she would no longer work at Executive Fund. After the birth of her child, Garrett received various communications from Executive Fund asking her to return to work, but she declined.
 
 
 3
 The district court concluded that Garrett had not established a prima facie case because she had not been subjected to an adverse employment decision, although Garrett argued that she need not make such a showing because she had proved sexual harassment. The court made no finding as to whether Sanford's alleged conduct constituted harassment, as opposed to discrimination. It granted the company's motion for summary judgment, but it noted that Garrett was "not precluded from bringing a separate sexual harassment action."
 
 
 4
 We agree with Garrett that because her complaint alleged sex discrimination, she may proceed on a sexual harassment theory. In Meritor Savings Bank, FSB v. Vinson, 477 U.S. 57 (1986), the Supreme Court held that "when a supervisor sexually harasses a subordinate because of the subordinate's sex, that supervisor 'discriminate[s]' on the basis of sex." Id. at 64. This holding makes it clear that proof of sexual harassment is one way to show sex discrimination under Title VII. Therefore, Garrett's complaint was sufficient to allow her to argue that she was harassed. Furthermore, Garrett represents that she is satisfied with her proofs on the harassment claim, and she has chosen not to pursue the avenue left open by the district court of bringing a separate sexual harassment action.
 
 
 5
 Upon a careful review of the briefs and records in this appeal, the court is of the opinion that the district court did not err in its grant of summary judgment to Executive Fund. Our decision expands on the district court's judgment in that we address not only Garrett's general discrimination claim, but also her specific claim of harassment. The conduct complained of does not appear to have been more than "merely offensive" after testing that conduct against the standards of Meritor and Harris v. Forklift Systems, Inc., 114 S.Ct. 367 (1993). The imprecise test set out by the Supreme Court in Harris requires consideration of all circumstances, including "the frequency of the discriminatory conduct; its severity; whether it is physically threatening or humiliating, or a mere offensive utterance; and whether it unreasonably interferes with an employee's work performance." 114 S.Ct. at 370. The relatively insensitive attitude of the supervisor to plaintiff's condition of pregnancy, while arguably unfair, did not result in any change in plaintiff's status or working conditions, the high regard for which she was held even by her supervisor as to employment capabilities, or her opportunities to return to work if she wished following the delivery.
 
 
 6
 For the foregoing reasons, the judgment of the district court as modified herein is AFFIRMED.